FARDAL DRAINAGE DISTRICT No. 72, in HAMILTON
COUNTY, IOWA, VARICK CROSLEY, Appellant, v. THE
BOARD OF SUPERVISORS OF HAMILTON COUNTY and
Others, Appellants.

**Drainage:** EQUALITY OF ASSESSMENT: APPORTIONMENT OF COST. The
1 drainage law requires that there shall be equality in the assess-
ment of lands so far as possible and that those receiving the
greater benefit shall bear the greater burden; but the manner
of equitably apportioning the cost, expenses and damages is left
to the commissioners, and they may charge certain lands spe-
cially benefited by some feature of the work with a certain part
of the cost, in addition to their proportion of the general ex-
pense.

**Same:** CHANGE IN PLAN OF CONSTRUCTION. Slight but unimportant
2 changes in the original plan of drainage, the cost of which is
. wholly paid by those landowners benefited, is not ground for
objection by an owner not affected thereby.

*Appeal from Hamilton District Court.*—HON. ROBERT M.
WRIGHT, Judge.

SATURDAY, NOVEMBER 16, 1912.

THE facts are stated in the opinion.—*Affirmed*.

*Wesley Martin,* for appellant.

*J. M. Blake,* for appellee.

SHERWIN, J.—The Fardal drainage district No. 72 is located in Freedom township, Hamilton county. The water is carried away by an open ditch, which extends north about four and one-half miles from its outlet, and by three lines of tile extending north from the head of the open ditch. The plaintiff is the owner of the S. W. ¼ of section 8, township 88, range 26, which land is within the drainage district. One Welch owns the S. ½ of section 5, W. A. Jones owns the S. E. ¼ of section 6, and J. W. Smith owns the E. ½ of section 7, and in the same township and range. One line of tile runs north from the upper end of the open ditch and enters the plaintiff's land near the south-west corner thereof, and extends north across his quarter section some two or three rods east of the west line thereof, and then north into the Welch land in section 5. The benefits assessed to the plaintiff's land were as follows: The N. E. ¼ of his 160, containing twenty-four acres, was assessed $81.88; the S. E. ¼, thirty-eight acres, $70.84; the S. W. ¼, thirty-eight acres, $436.08; and the N. W. ¼, containing thirty-nine acres, was assessed $599.88. Plaintiff filed objections to the assessment on the grounds that there was an improper and illegal classification of his land, and because the assessment was excessive, inequitable, and greater than assessments made against other land within the district. The board of supervisors confirmed the assessments, as we understand the record, and the plaintiff appealed to the district court, where the assessment on each of the west forties was reduced $50, and the action of the board was otherwise confirmed. Each party was ordered to pay one-half of the costs, and the plaintiff appeals.

I. The record shows that the cost of the main tile, in what is termed the "tile area." was taxed wholly to that

area, and not spread over the whole district, and that the entire district was then taxed for the general benefit. The appellant contends, first, that the tile area should not have been alone taxed for the cost of tiling, but that it should have been spread over the whole district; and, second, that if the cost of the tile should be paid by the tile area alone, then there should have been two assessments, one for the cost of the general improvement, and the other for the cost of the tile. The Drainage Law requires equality in these assessments, so far as the same may be attained by human endeavor. Section 1989-a12, Code Supp. But it does not undertake to specify just how such equality shall be determined. It provides only that the commissioners appointed for the purpose shall make an equitable apportionment of the "costs, expenses, costs of construction, fees and damages assessed for the construction of any such improvement." The main purpose of the law is to secure an equitable apportionment of the entire cost of the improvement, after considering the location of the several tracts of land, their condition and needs, and the relative benefit that each tract will receive from the improvement as a whole. As we have said, the method of reaching this result is not specifically pointed out in detail by the statute. All that is required is that the lands receiving the most benefit from the improvement shall bear the greater burden. Under this statute, we believe it to be entirely within the power of the commissioners to make any classification, in addition to that specifically required by the statute, which will aid them in finally accomplishing the end sought, to wit, an equitable apportionment. If they find that such an apportionment requires them to tax certain lands a certain part of the cost of the improvement in addition to a just proportion of the general cost, we see nothing in the law to prevent such action. Indeed, we think the statute requires

*1. DRAINAGE: equality of assessment: apportionment of cost.*

that very thing to be done where an equitable apportionment demands it.

The whole controversy, then, hinges on the question whether there had been, in fact, an equitable apportionment. Practically all of the evidence in the case touching the question of taxing the cost of the tile to the tile area alone agrees that it should be done. Even the engineers used as witnesses by the plaintiff, with one exception, agree that such a method is right, and, in fact, the only right method to secure an equitable apportionment. The reasons they and the defendants' engineers and other witnesses give for this conclusion appear to us to be sound, and we are not disposed to hold that they are all wrong on the question. The question then remains whether the plaintiff has, in fact, been charged more than his just proportion of the cost of this improvement. The testimony is in sharp conflict on this branch of the case. The matter was investigated by the board of supervisors, at least some of the members having visited the district in person, and determined adversely to the plaintiff. The district court gave the case careful attention, and made but a slight reduction in the amount assessed to the plaintiff. We have gone over the evidence with care, and reach the conclusion that the decree of the district court does not require the plaintiff to pay more than his equitable proportion of the cost of the improvement. It is an utter impossibility to determine to a nicety what any particular assessment should be. The most that can be done is to arrive at a result that will fairly meet the requirements of the statute, and such, we think, is the case here.

II. What we have already said is sufficient answer to the appellant's contention that a subdistrict should have been established under the provisions of section 1989-a23.

III. It is claimed that there was such a variation from the route of the main open ditch, as originally established, as to render a part, at least, of the assessment void.

The original plan provided for an angular and crooked open ditch, and it was slightly changed in two or three places in its construction, but such changes are shown to have been unimportant, and that the additional expense occasioned thereby was paid wholly by those for whose benefit such changes were made. The plaintiff has no just ground for complaining of this.

2. SAME: change in plan of construction.

IV. The court had authority to make a division of the costs, and the division made was favorable to the plaintiff. The judgment is—*Affirmed.*